# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES MATTHEW WIRTH,
Petitioner,
vs.
THE FIFTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF NYE,
Respondent.

No. 71968

FILED

JAN 1 2 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION

This original petition seeks a writ of mandamus directing the district court to vacate its decision in a *Petrocelli*[1] hearing on the ground that NRS 48.045 conflicts with NRS 3.220 and the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. We conclude that our intervention is not warranted for three reasons. First, petitioner has not provided an appendix containing the portions of the lower court record "that may be essential to understand the matters set forth in the petition." NRAP 21(a)(4). Second, to the extent that petitioner's arguments relate to the proceedings in district court case CR 5655, those arguments go to the validity of the judgment of conviction entered in that case[2] and therefore must be raised in a postconviction

---

[1]*Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985).

[2]We note that this court affirmed the judgment of conviction in CR 5655 in 2012, *Wirth v. State*, Docket No. 60323 (Order of Affirmance, November 15, 2012), and that the Court of Appeals recently affirmed a district court order denying petitioner's postconviction petition for a writ of habeas corpus, *Wirth v. State*, Docket No. 69734 (Order of Affirmance, September 20, 2016).

17-01223

petition for a writ of habeas corpus filed in the district court.[3] *See* NRS 34.724. Finally, to the extent that petitioner's arguments relate to proceedings in a criminal prosecution that has not yet resulted in a judgment of conviction, the double jeopardy argument lacks merit as the evidentiary use of a prior bad act in a trial for another criminal offense does not constitute a second prosecution or additional punishment for the prior bad act. *See generally Jackson v. State*, 128 Nev. 598, 604, 291 P.3d 1274, 1278 (2012) (explaining that Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal or conviction and multiple punishments for the same offense). For these reasons, we

ORDER the petition DENIED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Kimberly A. Wanker, District Judge
     Charles Matthew Wirth
     Attorney General/Carson City
     Nye County District Attorney
     Nye County Clerk

---

[3]We express no opinion as to whether petitioner could meet the procedural requirements set forth in NRS chapter 34.